## Alfred A. Hallgren, Appellee, v. John E. Cowles et al., Appellants.

### Gen. No. 18,343.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. KICKHAM SCANLAN, Judge, presiding. Heard in this court at the March term, 1912. Affirmed. Opinion filed December 22, 1913. Rehearing denied January 5, 1914.

### Statement of the Case.

Petition for a mechanic's lien filed by Alfred A. Hallgren against John E. Cowles and George M. Groves, owners of an apartment building, constructed for them by the complainant. Other defendants to the petition were the trustee in a trust deed conveying the property and the unknown owners of notes secured thereby. The cause was referred to a master who, after taking the proofs reported, recommended a lien for four thousand three hundred dollars with costs. From a decree entered in accordance with the recommendations of the master, defendants, who were owners of the premises, appeal.

BITHER, GOFF & FRANCIS, for appellants.

HENRY M. HAGEN, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

MR. JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. MECHANICS' LIENS, § 49*—*when contractor not accountable for delay in completion of building.* In a proceeding to enforce a mechanic's lien contractor *held* not liable for any damage caused by delay in completing the work, where the evidence shows that the work was stopped by the city authorities on account of the building plans, and that the owner by ordering frequent changes caused much delay, and the decorating was postponed at owner's request so that the tenants might select their own decorations.

2. MECHANICS' LIENS, § 212*—*when abstract of record must set out provisions of contract.* On appeal from a decree enforcing a mechanics' lien, an objection that no architect's certificate for final payment was ever issued, as required by the contract before final payment would become due, cannot be entertained where such provision in the contract does not appear in the abstract of record.

3. BUILDING AND CONSTRUCTION CONTRACTS, § 44*—*when owner is entitled to no substantial damages for delay.* Where a contract requires an apartment building to be completed on August 1, but building is not completed until September 22, *held*, to be no substantial loss in the rental value of the building by reason of the delay, where the evidence shows that the ordinary renting seasons commence on May 1 and October 1, and that it is customary in renting flats in August or September to give concessions in the matter of rent to October 1st.

4. APPEAL AND ERROR, § 1214*—*when errors affecting parties not appealing, not considered.* A decree enforcing a mechanic's lien will not be reversed for the reason that no default was entered against the defendants described in the bill as unknown holders and owners of notes secured by a trust deed conveying the premises, or for failure of the trial court to fix the rights of such parties in the decree, where such party defendants are not parties to the appeal.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.